On Motion to Dismiss.
Wyly, J.
The relator has appealed from the judgment rejecting his mandamus proceeding to compel the defendant to recognize him as fiscal agent, under act No. 3 of the acts of 1874, and to deposit with him all the funds of the State.
The appeal was made returnable at the session of the Supreme Court to be held at New Orleans on tbe first Monday of November, 1874. Before tbe return day, to wit, July 20, 1874, tbe plaintiff procured tbe consent of tbe Governor for tbe transfer ot tbe case to this place, and for tbe trial thereof at this term ; and under act No. 21 of the acts of 1872, the Governor employed an attorney to take charge of the defense.
Tbe Attorney General objects to tbe trial of tbe case before tbe *30 return day, and at this term of the court; he denies the authority of the Governor to give consent for its transfer, and also his authrity to appoint counsel to assist or supersede him in the management Of the case.
Antoine Dubuclet, the defendant, also refuses to consent to the trial of the case here.
Looking to act 21 of the acts of 1872, the statute under which the Governor acted in this case, we find that he “has the right in ease of the absence, death, resignation, or inability to act in any particular case of the Attorney General, or proper district attorney, or where either of them may be directly interested, a right to designate an attorney for such case to act in behalf of the State, for the protection of the public interest.”
Was the Governor authorized under this statute to consent to the transfer of the case and the trial thereof at this term, notwithstanding the opposition of the Attorney General who tried the case in the court below? We think not.
The Attorney General is the ¿roper officer to represent the State in all her lawsuits, and the statute in question was not intended to deprive him of the control and management of his cases.
In order to protect the public interest in any particular case where the Attorney General was interested, or was unable to act from death, resignation, absence, or from any other cause, this statute authorizes the Governor to appoint an attorney for such case. It does not authorize him to give consent for the transfer of any particular case and for the trial thereof before the return day, at a different term of the court. The act gives him no personal control of the case whatever. When the condition happens upon which he has authority to supply counsel for the State, the attorney designated by him takes control of such case.
The attorney designated by the Governor in this case does not consent to its trial here. But under the statute the Governor was utterly without authority to appoint an attorney to act in this case, because the Attorney General is not personally interested, he has not resigned,, nor is lie dead, or absent, or unable to attend to the duties of his office. He appears to have faithfully defended the case in the court below in behalf of the State, the intervenor, and in behalf of Dubuclet, the defendant. He gained the case, and he will doubtless be ready to meet the relator and try the appeal at the time and place where it was made returnable, and where he was cited to trial. Because he refused to try the appeal at a different place and term, and before the return day, it can not fairly be said that the Attorney General is unwilling *31 or unable to act, or that the public interest confided to him has in any manner suffered or is likely to suffer.' In refusing to try the case, as desired by the relator, he has simply exercised a legal right, of which the appellant has no cause to complain.
The defendant, Dubuclet, is interested in this case; he is the party against whom the mandamus is sought, and he has not consented to the trial here. He has been cited to meet the relator and try the appeal on the first Monday of November next, at New Orleans. Under section 7 of act 35, of the acts of 1874, he can employ special counsel for his defense. If the case is tried now he may well complain that he has not been heard; because to try the case at a different place, and before the return day, is equivalent to' a trial without citation and an opportunity to make a defense.
What is the use of citing the defendant to the trial of this appeal at New Orleans on the first Monday of November, 1874, if he can be condemned rightfully at the July term of 1874, at Monroe?
If citation was necessary to perfect the appeal, the defendant’s case can not be tried (without his consent) except at the time and place where he was cited.
The appellant contends, however, thatjthe defendant has no interest. If -so, why was he sued and cited below ? If his presence was necessary at the trial there, it is equally as important here. And the trial of the defendant before the day he was cited to trial, and at a different place, is certainly a trial without citation. He is entitled to the delay from the time the appeal was taken until the return day thereof to prepare his defense and to employ special counsel, if he chooses to do so.
The defendant is the party sued and against whom our decree must be enforced, if the mandamus be made peremptory. He is a necessary party, and the case can not be tried here .without his consent.
It is therefore ordered that this appeal be stricken from the docket, with leave to the appellant to withdraw the transcript and file it at New Orleans, in conformity with the order of appeal.